## STEPHENS v. TUCKER.

The act of 1830, section 1, *Har. Com.* 299, authorises the officer arresting a defendant upon a capias, to take a bond in double the sum sworn to and endorsed on the writ, and not in double the sum for which the writ was issued.

Where the debtor filed two declarations, and was discharged for want of a plea, the discharge was set aside; for the creditor was not bound to file a plea.

Where the debtor gave bond, and applied under the act of 1830, and swore that he was a prisoner in actual confinement, and had not been off the limits, since he had made the application, and the order of discharge proceeded upon the grounds that he was a prisoner in actual confinement, his discharge will be set aside. The record is incongruous, inconsistent, and contradictory.

This was a certiorari directed to the Common Pleas of Hunterdon county, removing proceedings in a matter of insolvency. The facts of the case are fully detailed in the opinion of the court delivered by the chief justice.

*H. W. Green*, for plaintiff in certiorari.

*S. R. Hamilton*, contra.

HORNBLOWER, C. J.  The defendant was arrested on a *capias ad respondendum*, issued out of the Common Pleas of Hunterdon, at the suit of the plaintiff in certiorari; whereupon he gave bond as authorised by the first section of the act of 1830. *Har. Com.* 299, and was afterwards discharged by the judges of the Common Pleas of Hunterdon, as an insolvent debtor. To set aside and vacate that discharge, is the object of this certiorari.  Several errors have been assigned: one of which was, that the bond given by the defendant at the time of his arrest, is 'defective; the penalty not being in double the sum for which the defendant was "*arrested.*"  The penalty of the bond is in double the sum sworn to and endorsed on the writ, and for which the sheriff was entitled to require and take bail. But it is insisted that it ought to have been in double the sum inserted in, and for which the writ was issued.  This, we think, is a mistake.  For what sum is a defendant *arrested* on a *capias?* Unquestionably, for the sum sworn to.  The sheriff has no right to *arrest* or detain him one moment for any other sum.  The construction contended for, would expose defendants to oppression, at the will and caprice of plaintiffs or their attorneys, by inserting in the body of the capias or ca. sa. so large a sum as

Stephens *v.* Tucker.

effectually to prevent his procuring the security required by the act. We are therefore of opinion, the bond in this respect was correctly taken. Nevertheless, there are two errors apparent on the record, both of which are fatal.

I. The debtor filed two declarations against his creditors : one alleging that he had in all things complied with the requisitions of the act of 1795 ; and the other, that he had conformed himself to the provisions of that act, and of the supplements thereto, and of the act of 1830. To which of these declarations were the creditors to plead? On which was issue to be joined and the cause tried? The creditors could not designate the declaration to which their pleas should be applied ; for the statute prescribes the form of the plea, and it would be as applicable to one as the other. They were not, therefore, bound to plead to either declaration ; and the court had of course, no right to discharge him for want of a plea.

II. The record is incongruous, inconsistent and contradictory. The defendant gave bond, and applied as an insolvent debtor under the act of 1830. Yet he swears he is a prisoner in actual confinement, and has not been off the limits since he made the application. And the order of discharge proceeds upon the ground that he was a prisoner in actual confinement.

Creditors have a right to know, and it ought to appear by the record of discharge, under what statute the insolvent proceeded and obtained his discharge. Their rights and remedies may be different against the debtor, if the discharge took place under one statute, from what they would be, if the proceedings were in pursuance of another statute. Admitting that this court have decided, that a discharge under the act of 1830, is general and co-extensive with a discharge under the act of 1795 ; yet creditors have a right to call in question that decision, and to have it reviewed here, or on a writ of error to the Court of Appeals.

For these reasons, the discharge of the defendant in this case, must be set aside, vacated, and for nothing holden.

FORD, J. concurred.

RYERSON, J. concurred.

Discharge set aside.